United States District Court
for the District of Maryland
(Northern Division)

| | |
|---|---|
| MICHAEL G. STUART, Individually, and as Administrator and Personal Representative of the Estate of ALEXANDER REY STUART<br>6 Carriage Lane<br>Georgetown, Delaware  19947<br><br>and<br><br>RODNICA D. CANNON, as Parent, Next Friend and Legal Guardian of ALEXIS VICTORIA STUART, Surviving Minor Child of Alexander Rey Stuart<br>25643 Eldert Street<br>Mobil Gardens<br>Seaford, Delaware  19973<br><br>and<br><br>VICTORIA L. BOLDEN<br>409 West 7th Street<br>Laurel, Delaware  19956<br><br>    Plaintiffs<br><br>v.<br><br>PENINSULA REGIONAL MEDICAL CENTER<br>100 East Carroll Street<br>Salisbury, Maryland  21801<br><br>and<br><br>EMERGENCY SERVICE ASSOCIATES, P.A.<br>100 East Carroll Street<br>Salisbury, Maryland  21801<br><br>and<br><br>SEAN D. DAKSHAW, D.O.<br>105 Hawkes Point<br>New Bern, North Carolina  28560 | AMENDED COMPLAINT<br><br>Civil No.: L-11-2472<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

LEBOWITZ & MZHEN, LLC
ATTORNEYS AT LAW
SUITE 105
10 CROSSROADS DRIVE
OWINGS MILLS, MD 21117

(410) 654-3600

Defendants                           )
                                     )

## AMENDED COMPLAINT

Plaintiffs, Michael G. Stuart, Individually, and as Administrator and Personal Representative of the Estate of Alexander Rey Stuart, Rodnica D. Cannon, as Parent, Next Friend and Legal Guardian of Alexis Victoria Stuart, Surviving Minor Child of Alexander Rey Stuart, and Victoria L. Bolden, by their attorneys, Jack D. Lebowitz, Vadim A. Mzhen, and Lebowitz & Mzhen, LLC, sue Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., and state as follows:

### Factual Allegations

1. Plaintiffs, Michael G. Stuart, Individually, and as Administrator and Personal Representative of the Estate of Alexander Rey Stuart, Rodnica D. Cannon, as Parent, Next Friend and Legal Guardian of Alexis Victoria Stuart, Surviving Minor Child of Alexander Rey Stuart, and Victoria L. Bolden (collectively referred to as the "Plaintiffs") are citizens and residents of the State of Delaware.

2. Defendants, Peninsula Regional Medical Center (also referred to herein as "PRMC") and Emergency Services Associates, P.A. are corporations whose principal places of business are in the State of Maryland. The Defendant, Sean D. Dakshaw, D.O. is a citizen and resident of the State of North Carolina.

3. The various negligent acts set forth in the instant Complaint occurred in the State of Maryland, Wicomico County.

4. The amount of this controversy exceeds, exclusive of interest and costs, Seventy Five Thousand ($75,000.00) Dollars.

5. Jurisdiction exists under Title 28 USCA Section 1332.

6. A Statement of Claim was filed with the Health Care Alternative Dispute Resolution Office as required under Maryland law, and arbitration of the claim was waived by the Plaintiffs pursuant to Section 3-2A-06B(b) of the Courts and Judicial Proceeding Article. The Waiver of Arbitration, Certificate of Qualified Expert with expert report, and Statement of Claim which were filed before the Health Care Alternative Dispute Resolution Office are attached as Exhibit A, Exhibit B, and Exhibit C, respectively. The Order of Transfer is attached as Exhibit D.

7. The Late Alexander Rey Stuart was born on December 28, 1984, and he died on April 3, 2010 at the age of 25 years.

8. The Plaintiff, Michael G. Stuart, is the surviving Father of Late Alexander Rey Stuart. Michael G. Stuart is a primary beneficiary in this action pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article.

9. On July 28, 2010, Michael G. Stuart was appointed the Administrator of the Estate of Alexander Rey Stuart by the Register of Wills for Sussex County in the State of Delaware. The appointment has since been extended.

10. Alexis Victoria Stuart, age 2, was born on July 2, 2009, and she is the surviving Minor Child of the Late Alexander Rey Stuart. Alexis Victoria Stuart, by and through the Plaintiff, Rodnica D. Cannon, her Parent, Next Friend and Legal Guardian, is a primary beneficiary in this action pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article.

11. The Plaintiff, Victoria L. Bolden, is the surviving Mother of Late Alexander Rey Stuart. Victoria L. Bolden is a primary beneficiary in this action pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article.

12. At all times pertinent to this case, Defendants, Peninsula Regional Medical Center, Emergency Services Associates, P.A. and Sean D. Dakshaw, D.O. (referred to collectively as the "Defendants"), held themselves out to the Plaintiffs and to the general public as experienced, competent and able health care providers possessing or providing that degree of skill and knowledge ordinarily possessed by those who practice emergency medicine. The Defendants and their employees and/or agents owed a duty to the Alexander Rey Stuart to render that degree of care and treatment ordinarily rendered by those who practice emergency medicine.

13. At all times pertinent to this case, Defendant, Emergency Services Associates, P.A., was a professional association and offered, through it employees including Sean D. Dakshaw, D.O., medical services to the general public. As such, it held itself out as practicing ordinary standards of medical care, including appropriate emergency medicine care.

14. At all times pertinent to this case, Defendant Sean D. Dakshaw, D.O. was an agent and/or employee of the Defendants Emergency Services Associates, P.A. and the Peninsula Regional Medical Center.

15. At all times pertinent to this case, Kellie Phillips, P.A. and other unidentified health care providers were agents and employees of the Defendant, Emergency Services Associates, P.A.

16. At all times relevant to this case, Carol Fisher, R.N., Robin Morrison, R.N., Wendy Shelton, R.N., Gerundio Denaque, R.N., Daryl Hoithoff, R.N. and other unidentified health care providers were agents and employees of the Defendant, Peninsula Regional Medical Center.

17. On March 31, 2010, Alexander Rey Stuart presented to the emergency room of the Peninsula Regional Medical Center. Alexander Rey Stuart was seen at the emergency room of the Peninsula Regional Medical Center with complaints of back pain. Alexander Stuart was diagnosed with a lumbar strain and sprain, and he was released from the emergency room of the Peninsula Regional Medical Center.

18. The next day, April 1, 2010, Alexander Rey Stuart again presented to the emergency room of the Peninsula Regional Medical Center with complaints of back pain. The pain was so severe that the PRMC emergency room records indicate that Alexander Rey Stuart strapped potatoes to his back in an effort to remove his "fever." The Peninsula Regional Medical Center records further reflected that Alexander Rey Stuart had an elevated white blood count of 14.7 with a left shift, he was tachycardic (elevated heart rate) with his pulse documented at 108 beats per minute, and he had abnormal protein in his urine. Mr. Stuart was given IV Morpine, Toradol and Zofran for pain relief, and he was discharged with a continuing diagnosis of lumbosacral sprain/strain.

19. The next day, April 2, 2010, Alexander Stuart returned to the emergency room of the Peninsula Regional Medical Center for the third consecutive day. Within the emergency room of the Peninsula Regional Medical Center, Alexander Rey Stuart

was a patient under the care of the Defendants, Emergency Services Associates, P.A. and Peninsula Regional Medical Center.

20.  On April 2, 2010, it is alleged that the Defendant, Sean D. Dakshaw, D.O., was the physician agent and/or employee of the Defendant, Emergency Services Associates, P.A., and he was responsible for attending to the emergency care required by Alexander Rey Stuart. It is also alleged that Kellie Phillips, P.A. was a physician's assistant of the Defendant, Emergency Services Associates, P.A., and she was also responsible for attending to the emergency care required by Alexander Rey Stuart. In addition, Carol Fisher, R.N., Robin Morrison, R.N., Wendy Shelton, R.N., Gerundio Denaque, R.N., Daryl Hoithoff, R.N. were registered nurses of the Defendant Peninsula Regional Medical Center responsible for attending to the emergency medicine care required by Alexander Rey Stuart.

21.  On April 2, 2010, Alexander Rey Stuart again complained to the Defendants of back pain that was getting worse, not better, despite the visits to the emergency room of the Peninsula Regional Medical Center on the previous two days. Alexander Stuart was having difficulty walking. Alexander Rey Stuart's tachycardia had worsened, with a pulse rate of 130 beats per minute, with no explanation.

22.  With a history from the day before of an elevated white count with a left shift, protein in his urine, worsening tachycardia, and worsening pain, it is alleged that, under the applicable standards of care, these signs, symptoms and diagnostic findings, required Alexander Rey Stuart to receive an extensive workup in the emergency room of the Peninsula Regional Medical Center that included a repeat CBC, cardiac enzymes, a chest x-ray, a check of his electrolytes, and a repeat of his urinalysis.

23. Had those studies been done by the Defendants, it alleged that the Defendants would have found Alexander Stuart's already previously elevated white count had increased still further, and additional abnormalities in his urine, that combined with his complaints of pain and known tachycardia, would have led to the diagnosis of sepsis.

24. It is alleged at the time of Alexander Rey Stuart's April 2, 2010 visit to the emergency room of the Peninsula Regional Hospital, the standards of care would have compelled the immediate initiation of antibiotic treatment in the emergency room in order to avoid the consequences of sepsis. It is alleged that the Defendants, and their agents and/or employees, including physicians, physician's assistants, and nurses, violated this standard of care.

25. It is further alleged that at the time of Alexander Rey Stuart's April 2, 2010 visit to the emergency room of the Peninsula Regional Hospital, the standards of care compelled Alexander Rey Stuart's immediate admission to the Peninsula Regional Medical Center, where he should have received IV antibiotics and IV hydration, with appropriate observation. It is alleged that the Defendants, and their agents and/or employees, including physicians, physician's assistants, and nurses, violated this standard of care.

26. Alexander Rey Stuart was never seen by a medical doctor on the Peninsula Regional Medical Center emergency room visit of April 2, 2010, and his care was undertaken by a physician's assistant, Kellie Phillips, P.A., and various nurses, only. In light of Alexander Stuart's clinical presentation that was worsening without any explanation, and the fact that Alexander Stuart had sought medical attention in the

emergency room of Peninsula Regional Medical Center on three consecutive days, it is alleged that the standard of care required that Alexander Rey Stuart be seen, examined and personally evaluated by a physician. It is alleged that the Defendants, and their agents and/or employees, including physicians, physician's assistants, and nurses, violated this standard of care.

27.     Alexander Rey Stuart was released from the emergency room of PRMC on April 2, 2010, with a diagnosis of "Local pain affecting the low back (non traumatic) [and] Lumbosacral Sprain/Strain." The release was approved by the Defendant Sean D. Dakshaw, D.O. who "as the supervising staff physician concur[red] on the final disposition."

28.     It is alleged at the time of Alexander Rey Stuart's April 2, 2010 visit to the emergency room of the Peninsula Regional Hospital, that Defendants', and their agents' and/or employees', including physicians', physician's assistants', and nurses' failure to provide a hands on evaluation by a physician, failure to administer antibiotics, failure to complete a full workup, including a laboratory workup, failure to admit Alexander Rey Stuart to the hospital, and failure to initiate meaningful observation within the Peninsula Regional Medical Center violated accepted standards of care.

29.     It is alleged that as a result of the failures to comply with the standards of care that would have resulted in the immediate administration of antibiotics, a hospital admission, and observation that would have successfully treated Alexander Stuart's sepsis, Alexander Stuart was released from the emergency room of the Peninsula Regional Medical Center on April 2, 2010. It is alleged that Defendants, and their

agents and/or employees, including physicians, physician's assistants, and nurses, violated this standard of care.

30. As a result of the failure to provide competent medical care that complied with the accepted standards of care, Alexander Stuart's condition was allowed to remain untreated and worsen and develop into septic shock.

31. Alexander Rey Stuart returned to the emergency room of PRMC on the morning of April 3, 2010, but despite efforts on this day to treat his illness, including for the first time the administration of antibiotics, Alexander Rey Stuart's condition by then was too dire and he could not be saved. Alexander Stuart died on April 3, 2010 at the age of 25.

32. It is alleged that as a direct and proximate result of the Defendants' failure to properly evaluate and treat Alexander Rey Stuart in conformity with the accepted standards of care on April 2, 2010, Alexander Rey Stuart died on April 3, 2010.

33. It is alleged that on April 2, 2010, had the Defendants provided Alexander Rey Stuart with medical treatment that conformed to the accepted standards of medical care, including emergency medicine care, Alexander Rey Stuart would have been successfully treated for sepsis, and Alexander Rey Stuart would have gone on to a full and complete recovery.

34. The Defendant, Emergency Service Associates, P.A., through its agents and/or employees, Sean D. Dakshaw, D.O. and Kellie Phillips, P.A., and its borrowed servants, Carol Fisher, R.N., Robin Morrison, R.N., Wendy Shelton, R.N., Gerundio Denaque, R.N., Daryl Hoithoff, R.N., and other unidentified individuals, were negligent and careless in that they failed to appreciate the ominous signs of life threatening illness

and sepsis that required immediate administration of antibiotics, a hospital admission, and observation on April 2, 2010. This negligence resulted in Alexander Rey Stuart's death from septic shock on April 3, 2010.

35. The Defendant, Peninsula Regional Medical Center, through it agents and/or employees, Sean D. Dakshaw, D.O., Kellie Phillips, P.A., Carol Fisher, R.N., Robin Morrison, R.N., Wendy Shelton, R.N., Gerundio Denaque, R.N., Daryl Hoithoff, R.N., and other unidentified individuals, were negligent and careless in that they failed to appreciate the ominous signs of life threatening illness and sepsis that required immediate administration of antibiotics, a hospital admission, and observation on April 2, 2010. This negligence resulted in Alexander Rey Stuart's death from septic shock on April 3, 2010.

36. The Defendants were negligent and careless and violated standards of care in that they failed to render appropriate emergency medicine care and emergency nursing care to Alexander Rey Stuart, and were in other ways negligent and careless.

### Count I - Survival Action
### Michael G. Stuart, as Administrator and Personal Representative of the Estate of Alexander Rey Stuart

37. The Plaintiff, Michael G. Stuart, as Administrator and Personal Representative of the Estate of Alexander Rey Stuart, incorporates Paragraphs 1 through 36 of the Complaint as if they were fully set forth at length here, and by his attorneys, Jack D. Lebowitz, Vadim A. Mzhen, and Lebowitz & Mzhen, LLC, sues Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A.

and Sean D. Dakshaw, D.O., (referred to collectively herein as the "Defendants") in a survival action pursuant to Section 7-401 of the Estates and Trust Article.

38. On April 2, 2010, the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., owed Alexander Rey Stuart a duty to provide medical care and treatment that was reasonable and complied with the standards of medical care, including emergency medicine care.

39. On April 2, 2010, by failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical care, including emergency medicine care, the Defendants breached the duties owed to Alexander Rey Stuart, and the Defendants thereby caused advancement of sepsis into septic shock which resulted in Alexander Rey Stuart's injuries and subsequent death on April 3, 2010.

40. Although severely injured by the failure to treat his sepsis, Alexander Rey Stuart was conscious and living during the emergency room presentation that began at approximately 3:40 p.m. on April 2, 2010, surviving until the time of his death at approximately 6:18 p.m. on April 3, 2010 -- a period of severe conscious pain and suffering in excess of 26 hours.

41. As a direct and proximate result of the negligence and carelessness of the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O. in failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical care, including emergency medicine care, Alexander Rey Stuart sustained severe conscious pain and suffering between the time of the negligent and careless medical


care and treatment that began at approximately 3:40 p.m. on April 2, 2010 and the time of his death at approximately 6:18 p.m. on April 3, 2010.

42. As a direct and proximate result of the Defendants' negligence, the Estate of Alexander R. Stuart incurred the cost of Alexander R. Stuart's hospital, medical, funeral and burial expenses.

WHEREFORE, Michael G. Stuart, as Administrator and Personal Representative of the Estate of Alexander Rey Stuart, Deceased, claims compensatory damages against the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., in an amount to be determined by a jury, together with all costs, and any and all other relief to which this Court finds him entitled.

### Count II - Wrongful Death Action
### Michael G. Stuart

43. The Plaintiff, Michael G. Stuart, incorporates Paragraphs 1 through 42 of the Complaint as if they were fully set forth at length here, and by his attorneys, Jack D. Lebowitz, Vadim A. Mzhen, and Lebowitz & Mzhen, LLC, sues Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O. (referred to collectively as the "Defendants") in a wrongful death claim pursuant to Sections 3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

44. On April 2, 2010, the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., owed Alexander Rey

Stuart a duty to provide medical care and treatment that was reasonable and complied with the standards of medical care, including emergency medicine care.

45. On April 2, 2010, by failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical care, including emergency medicine care, the Defendants breached the duties owed to Alexander Rey Stuart, and the Defendants thereby caused advancement of sepsis into septic shock which resulted in Alexander Rey Stuart's injuries and subsequent death on April 3, 2010.

46. As a direct and proximate result of the negligence and carelessness of the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O. in failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical care, including emergency medicine care, and for which Alexander Rey Stuart would have been able to maintain an action against the Defendants had he lived, Alexander Rey Stuart sustained fatal bodily injuries and he was pronounced dead at Peninsula Regional Medical Center at approximately 6:18 p.m. on April 3, 2010.

47. As a direct and proximate result of the Defendants' negligence in causing the death of Alexander Rey Stuart, Michael G. Stuart, Surviving Father of Alexander Rey Stuart, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of love, loss of society, loss of companionship, loss of comfort, loss of protection, loss of attention, loss of advice, loss of filial care, loss of counsel, and loss of guidance.

48. This Complaint is timely filed within three years after the death of Alexander Rey Stuart pursuant to Section 3-904(g) of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

WHEREFORE, Plaintiff Michael G. Stuart, Surviving Father of Alexander Rey Stuart, Deceased, claims compensatory damages against the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., in an amount to be determined by a jury, together with all costs, and any and all other relief to which this Court finds him entitled.

### Count III - Wrongful Death Action
### Victoria L. Bolden

49. The Plaintiff, Victoria L. Bolden, incorporates Paragraphs 1 through 48 of the Complaint as if they were fully set forth at length here, and by her attorneys, Jack D. Lebowitz, Vadim A. Mzhen, and Lebowitz & Mzhen, LLC, sues Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O. (referred to collectively as the "Defendants") in a wrongful death claim pursuant to Sections 3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

50. On April 2, 2010, the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., owed Alexander Rey Stuart a duty to provide medical care and treatment that was reasonable and complied with the standards of medical care, including emergency medicine care.

51. On April 2, 2010, by failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical care, including emergency medicine care, the Defendants breached the duties owed to Alexander Rey Stuart, and the Defendants thereby caused advancement of sepsis into septic shock which resulted in Alexander Rey Stuart's injuries and subsequent death on April 3, 2010.

52. As a direct and proximate result of the negligence and carelessness of the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O. in failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical care, including emergency medicine care, and for which Alexander Rey Stuart would have been able to maintain an action against the Defendants had he lived, Alexander Rey Stuart sustained fatal bodily injuries and he was pronounced dead at Peninsula Regional Medical Center at approximately 6:18 p.m. on April 3, 2010.

53. As a direct and proximate result of the Defendants' negligence in causing the death of Alexander Rey Stuart, Victoria L. Bolden, Surviving Mother of Alexander Rey Stuart, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of love, loss of society, loss of companionship, loss of comfort, loss of protection, loss of attention, loss of advice, loss of filial care, loss of counsel, and loss of guidance.

54. This Complaint is timely filed within three years after the death of Alexander Rey Stuart pursuant to Section 3-904(g) of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

WHEREFORE, Plaintiff Victoria L. Bolden, Surviving Mother of Alexander Rey Stuart, Deceased, claims compensatory damages against the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., in an amount to be determined by a jury, together with all costs, and any and all other relief to which this Court finds her entitled.

### Count IV - Wrongful Death Action
**Rodnica D. Cannon, as Parent, Next Friend and
Legal Guardian of Alexis Victoria Stuart**

55.   The Plaintiff, Rodnica D. Cannon, as Parent, Next Friend and Legal Guardian of Alexis Victoria Stuart incorporates Paragraphs 1 through 54 of the Complaint as if they were fully set forth at length here, and by her attorneys, Jack D. Lebowitz, Vadim A. Mzhen, and Lebowitz & Mzhen, LLC, sues Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O. (referred to collectively as the "Defendants") in a wrongful death claim pursuant to Sections 3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

56.   On April 2, 2010, the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., owed Alexander Rey Stuart a duty to provide medical care and treatment that was reasonable and complied with the standards of medical care, including emergency medicine care.

57.   On April 2, 2010, by failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical

care, including emergency medicine care, the Defendants breached the duties owed to Alexander Rey Stuart, and the Defendants thereby caused advancement of sepsis into septic shock which resulted in Alexander Rey Stuart's injuries and subsequent death on April 3, 2010.

58. As a direct and proximate result of the negligence and carelessness of the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O. in failing to render medical care and treatment to Alexander Rey Stuart that was reasonable and complied with the standards of medical care, including emergency medicine care, and for which Alexander Rey Stuart would have been able to maintain an action against the Defendants had he lived, Alexander Rey Stuart sustained fatal bodily injuries and he was pronounced dead at Peninsula Regional Medical Center at approximately 6:18 p.m. on April 3, 2010.

59. As a direct and proximate result of the Defendants' negligence in causing the death of Alexander Rey Stuart, Alexis Victoria Stuart, Surviving Minor Child of Alexander Rey Stuart, has and she will continue to suffer the loss of financial support to include pecuniary assistance that would have been provided by Alexander Rey Stuart to Alexis Victoria Stuart.

60. As a direct and proximate result of the Defendants' negligence in causing the death of Alexander Rey Stuart, Alexis Victoria Stuart, Surviving Minor Child of Alexander Rey Stuart, has and will continue to suffer for the rest of her life, mental anguish, emotional pain and suffering, loss of love, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of attention, loss of advice, loss of counsel, loss of guidance and loss of education.

61.   This Complaint is timely filed within three years after the death of Alexander Rey Stuart pursuant to Section 3-904(g) of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

WHEREFORE, Plaintiff Rodnica D. Cannon, as Parent, Next Friend and Legal Guardian of Alexis Victoria Stuart, Surviving Minor Child of Alexander Rey Stuart, Deceased, claims compensatory damages against the Defendants, Peninsula Regional Medical Center, Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O., in an amount to be determined by a jury, together with all costs, and any and all other relief to which this Court finds her entitled.

The Plaintiffs demand a trial by jury.

Respectfully Submitted

_____
Jack D. Lebowitz (Federal Bar No. 10787)

_____
Vadim A. Mzhen

_____
Lebowitz & Mzhen, LLC
10 Crossroads Drive, Suite 105
Owings Mills, Maryland 21117
410-654-3600
410-654-3601 (fax)
email: jdlebowitz@comcast.net
Michael G. Stuart, Individually, and as Administrator and Personal Representative of the Estate of Alexander Rey Stuart,
Rodnica D. Cannon, as Parent, Next Friend and Legal Guardian of Alexis Victoria Stuart, Surviving Minor Child of Alexander Rey Stuart, and Victoria L. Bolden

DATED this 17th day of February, 2012.

## Certificate of Service

I HEREBY CERTIFY that on this 17th day of February, 2012, the foregoing Amended Complaint and a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets pursuant to Local Rule 103(6)(c) were served via first class mail, postage prepaid to:

Curtis H. Booth, Esq.
Cowdrey Thompson, P.C.
130 N. Washington Street, P.O. Box 1747
Easton, Maryland 21601

Attorneys for Emergency Service Associates, P.A. and Sean D. Dakshaw, D.O.

John R. Penhallegon, Esq.
Cornblatt, Bennett, Penhallegan & Roberson, P.A.
The Campbell Building
100 W. Pennsylvania Avenue, Suit 100
Towson, Maryland 21204

Attorneys for Peninsula Regional Medical Center

_____
Jack D. Lebowitz